**E-FILED**
Wednesday, 20 October, 2010 10:23:19 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOHN EWING, | ) |
| Petitioner, | ) |
| v. | ) Case No. 10-CV-2021 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION

On February 4, 2010, Petitioner, John Ewing, filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). On February 19, 2010, the Government filed its Response to Petitioner's Motion (#3). The Government argued, among other things, that Petitioner's Motion was filed beyond the one-year time limitation of 28 U.S.C. § 2255 and should be denied. On March 22, 2010, Petitioner filed a Reply (#4). Following careful consideration, this court concludes that Petitioner's Motion is untimely and must be denied on that basis.

FACTS

On April 8, 1997, Petitioner walked into a courtroom in the Champaign County, Illinois Courthouse during a jury trial, lit a "Molotov cocktail," and threw it at the presiding judge - setting the courtroom on fire. Petitioner fled, but was arrested several hours later.

Following his arrest, Petitioner was charged by criminal complaint with arson and related offenses. On December 22, 1997, United States District Judge Michael M. Mihm found Petitioner incompetent to stand trial and committed Petitioner to the custody of the Attorney General for treatment.

On February 7, 2002, Petitioner was charged by indictment with the offenses of arson, in violation of 18 U.S.C. § 844(i), and using a destructive device during a crime of violence, in violation of 18 U.S.C. § 924(c). On May 9, 2002, this court held a hearing and found Petitioner competent to stand trial based upon the statements of Petitioner's attorney and the psychiatric evaluation. On the same date, Petitioner pleaded not guilty to the charge and demanded a jury trial. On May 14, 2002, Petitioner filed notice of his intent to rely upon the defense of insanity at trial.

On May 24, 2004, this court determined that the case needed to be transferred to Rock Island for trial due to pretrial publicity. On September 8, 2004, this court held a hearing and found Petitioner competent to stand trial. Petitioner's jury trial commenced in Rock Island on September 13, 2004. On September 17, 2004, the jury returned its verdicts and found Petitioner guilty of both offenses charged in the indictment.

Following the guilty verdicts, questions again arose regarding Petitioner's mental competency. On August 15, 2005, this court held a hearing and subsequently entered an Order finding that Petitioner was presently suffering from a mental disease or defect and should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment. This court provisionally sentenced Petitioner pursuant to 18 U.S.C. § 4244 to a term of life imprisonment, plus 40 years, and committed Petitioner to the custody of the Attorney General for care and treatment. The clerk of the court filed a timely notice of appeal on behalf of Petitioner on August 16, 2005.

On appeal, Petitioner argued that this court improperly instructed the jury on the meaning of "wrongfulness" for purposes of the insanity defense, and this court abused its discretion by not holding competency hearings in addition to those that were held. On July 17, 2007, the

2

Seventh Circuit Court of Appeals rejected each of these arguments and affirmed the judgment of this court. United States v. Ewing, 494 F.3d 607 (7th Cir. 2007). On January 7, 2008, the United States Supreme Court denied Petitioner's petition for a writ of certiorari.

More than two years later, on February 4, 2010, Petitioner filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). In his Motion, Petitioner appears to claim that his conviction should be set aside on double jeopardy grounds because his "indictment" in case number 97-M-7211 was never dismissed. In its Response (#3), the Government argued that this argument is meritless and also argued that Petitioner's Motion is also subject to denial for two procedural reasons: (1) the Motion is untimely; and (2) Petitioner's claim is procedurally defaulted for failing to present it during his direct appeal. This court agrees that Petitioner's Motion is untimely based upon the one-year limitations period which applies to § 2255 under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Accordingly, this court does not need to address the Government's additional arguments.

## ANALYSIS

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" Clay v. United States, 537 U.S. 522, 524 (2003), quoting 28 U.S.C. § 2255(f)(1). In this case, the judgment became final on the date the Supreme Court denied Petitioner's petition for a writ of certiorari, January 7, 2008. See Robinson v. United States, 416 F.3d 645, 649 (7th Cir. 2005). Therefore, Petitioner had one year, or until January 7, 2009, to file his Motion. See United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (adopting the anniversary rule for determining the date § 2255 motion was due). Petitioner did not file his Motion until February 4, 2010, more than one year late.

The Government has noted that Petitioner briefly mentions "equitable tolling" in his pro se Motion. Equitable tolling excuses an untimely filing when "[e]xtraordinary circumstances far beyond the litigant's control . . . prevented timely filing." Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003), quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000). The "equitable tolling of a statute of limitations is an extraordinary remedy reserved for truly exceptional situations." Nolan v. United States, 358 F.3d 480, 486 (7th Cir. 2004). This court agrees with the Government that Petitioner has not developed this argument, either in his pro se Motion or in his Reply, and has not established that extraordinary circumstances exist here.

For all of the reasons stated, this court concludes that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is untimely and must be denied.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also Jimenez v. Quarterman, 129 S. Ct. 681, 684 n.3 (2009). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found that the Motion is untimely.

4

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is untimely and is therefore DENIED.

(2) A certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this 20th day of October, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE